UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAUSTEVEION JOHNSON,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>LCC, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 2:20-cv-01832-RFB-NJK<br><br>**ORDER** |

On September 30, 2020, Plaintiff initiated this civil rights action under 42 U.S.C. § 1983 and filed an application to proceed in forma pauperis. (ECF Nos. 1, 1-1). The Court subsequently entered an order denying Plaintiff's application without prejudice, explaining that "[b]ased on the information" in the application, Plaintiff did not qualify for in forma pauperis status. (ECF No. 5 at 1). The Court gave Plaintiff 60 days to either pay the full filing fee of $400[1] or, if his financial situation had changed, file a new application to proceed in forma pauperis. (Id.). The Court warned Plaintiff that if he failed to submit a new application showing that he qualified to proceed in forma pauperis, he would have to pay the full filing fee before this action would proceed. (Id.). The Court also screened Plaintiff's Complaint and dismissed it with leave to amend for failure to comply with Rules 8, 10, 18, and 20 of the Federal Rules of Civil Procedure. (Id. at 4-7).

Plaintiff has submitted a renewed application to proceed in forma pauperis and a first amended civil rights complaint ("FAC"). (ECF Nos. 8, 9). The information in the application indicates that Plaintiff remains ineligible to proceed in forma pauperis. (ECF No. 8 at 3, 11). Specifically, the application lists Plaintiff's current account balance as

---

[1] Because this action was commenced before the December 1, 2020 increase in the filing fee, Plaintiff is subject to the $400 filing fee.

$2,603.72—more than enough to pay the $400 filing fee. (Id. at 3). Accordingly, the Court denies Plaintiff's renewed application to proceed in forma pauperis and directs Plaintiff to pay the $400 filing fee in full before this case may proceed. After Plaintiff pays the filing fee, the Court will screen the FAC under 28 U.S.C. § 1915A(a) and issue an order on the matter of service.

The Court has an inmate early mediation program that is designed to save resources by referring the parties in some civil rights cases to mediation. Of course, defendants in such cases have the right not to make any settlement offers, and plaintiffs have the right not to accept settlement offers. The Court may choose not to refer a case to mediation to preserve limited judicial resources.

Plaintiff is a frequent litigator in this Court. He currently has 15 open cases pending before this Court. Since 2010, he has filed over 40 civil rights actions. Plaintiff has attended multiple inmate mediations in civil rights cases which have proved both unproductive and unsuccessful. (See 3:13-cv-00689-VPC; 3:14-cv-00122-MMD-WGC; 3:14-cv-00303-MMD-VPC; 2:16-cv-00366-RFB-NJK; 2:16-cv-01889-GMN-DJA; 3:16-cv-00693-MMD-CLB). The Court's Inmate Early Mediation Program is a volunteer program with limited resources. The Court has determined that, if Plaintiff pays the full filing fee and the FAC survives screening, this case will be excluded from the Inmate Early Mediation Program to preserve the Court's limited resources.

It is therefore ordered that Plaintiff's renewed application to proceed in forma pauperis (ECF No. 8) is denied.

It is further ordered that within thirty (30) days from the date of this order, Plaintiff must pay the full filing fee of $400 in order to proceed with this action. After Plaintiff pays the filing fee, the Court will screen the FAC under 28 U.S.C. § 1915A(a) and issue an order on the matter of service.

It is further ordered that, if Plaintiff pays the filing fee and the FAC survives screening, this case will be excluded from the Inmate Early Mediation Program.

It is further ordered that, if Plaintiff fails to pay the $400 filing fee in full within thirty (30) days from the date of this order, the Court will dismiss this case without prejudice.

DATED: February 28, 2022

_____
RICHARD F. BOULWARE, III
UNITED STATES DISTRICT JUDGE