# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LAUSTEVION JOHNSON,

    Plaintiff,

v.

LCC, et al.,

    Defendants.

Case No. 2:20-cv-01832-ART-NJK

**ORDER**

[Docket Nos. 26, 27, 28, 29]

    Pending before the Court are Plaintiff's motion for clarification, Docket No. 26; motion to allow Plaintiff's friends to serve Defendants, Docket No. 27; motion to unseal Defendants' addresses, Docket No. 28; and motion for extension of time to effectuate service, Docket No. 29.

    Plaintiff's motion for clarification asks the Court to order the Attorney General's Office to restate whether it is accepting service on behalf of defendants Jacques Thomas, Brian Williams, Julio Calderin, Jennifer Nash, Terry Linberg, and Guy Brown. Docket No. 26 at 2. Plaintiff bases his motion on the fact that there was a change in the Deputy Attorney General assigned to this case after the notice acceptance of service was filed. *Id.*; *see also* Docket No. 20 (acceptance of service), 23 (notice of change of Deputy Attorney General). The notice acceptance of service makes clear, however, that the Attorney General's Office does not accept service for the above defendants because those defendants have not requested representation. Docket No. 20 at 1-2. The substitution of Deputy Attorneys General assigned to this case does not affect whether the Attorney General's Office accepted service for the above-named defendants. Accordingly, Plaintiff's motion for clarification is **DENIED**. Docket No. 26.

    Plaintiff's motion to allow Plaintiff's friends to serve Defendants seeks to allow Plaintiff's friends to effectuate service on the above-named defendants. Docket No. 27 at 2. The screening order addressing Plaintiff's Second Amended Complaint includes instructions for how Plaintiff may effectuate service on parties not represented by the Attorney General's Office. Docket No.

19 at 13-14. Additionally, Plaintiff may request that the United States Marshal Service effectuate service of process on his behalf. Fed. R. Civ. P. 4(c)(3); *see also Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991). Accordingly, Plaintiff's motion to allow Plaintiff's friends to serve Defendants is **DENIED**. Docket No. 27.

Plaintiff's motion to unseal defendants' addresses seeks to unseal Docket No. 21, which contains the last-known addresses of some of the above-named defendants. Docket No. 28 at 2. Personal addresses are required to be redacted or filed under seal to protect privacy interests. *Cf.* Local Rule IC 6-1(a). Accordingly, Plaintiff's motion to unseal defendants' addresses is **DENIED.**

Plaintiff's motion for extension of time to effectuate service asks the Court to extend the deadline to file proof of service from December 21, 2022, to January 20, 2023. Docket No. 29 at 2. The Court must extend the service deadline upon a showing of good cause and, further, has discretion to extend the deadline even in the absence of good cause. *See* Fed. R. Civ. P. 4(m). Plaintiff submits that an extension is warranted because of issues with attaining certain defendants' addresses. Docket No. 29 at 2. The Court finds that this reason constitutes good cause to extend the deadline to effectuate service. Accordingly, Plaintiff's motion for extension of time to effectuate service is **GRANTED**. Plaintiff must file proof of service as to each defendant by January 20, 2023.

IT IS SO ORDERED.

Dated: December 2, 2022

_____
Nancy J. Koppe
United States Magistrate Judge